**FOR PUBLICATION**

```
            IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS & ST. JOHN

STEPHEN McCAULEY,               )
                                )
            Plaintiff,          )
                                )
      v.                        )
                                )      Civil No. 2005-188
UNIVERSITY OF THE VIRGIN        )
ISLANDS, and SEAN GEORGES in    )
his individual and official     )
capacities, and DR. LAVERNE     )
RAGSTER, in her individual and  )
official capacities, and JON    )
and/or JANE DOES I through X,   )
                                )
            Defendants.         )
_____)
```

**ATTORNEYS:**

**David J. Cattie, Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiff,*

**Samuel H. Hall, Esq.**
St. Thomas, U.S.V.I.
    *For the defendants.*

<u>ORDER</u>

**GÓMEZ, C.J.**

Before the Court is the motion of the plaintiff, Stephen McCauley ("McCauley"), for reconsideration of this Court's March 24, 2006, verbal dismissal of Count Five of his complaint.

*McCauley v Univ. of the V.I., et al.*
Civil No. 2005-188
Order
Page 2

## I. FACTUAL AND PROCEDURAL HISTORY

McCauley was a student at the University of the Virgin Islands ("UVI," or the "University"). On November 10, 2005, McCauley commenced the above-captioned action for damages and injunctive relief against Sean Georges ("Georges"), Director of Student Housing at UVI, Dr. Laverne E. Ragster ("Ragster"), President of UVI, and Jon and/or Jane Does I through X, certain unnamed University students, employees, and officials involved with implementing disciplinary procedures against UVI students (collectively, the "Defendants"). The complaint states that during McCauley's tenure at UVI, he witnessed the rape of a fellow student, Jenna Piasecki ("Piasecki"). It further states that McCauley later became involved in disciplinary proceedings at the University when Piasecki filed a claim against him for harassment, and a UVI official filed a claim against him for failure to comply with the lawful direction of a University official.

The UVI Student Handbook (the "Handbook"), attached as an exhibit to McCauley's complaint, includes a Code of Student Conduct (the "Code") that lists prohibited behavior and sanctions for particular violations. "Sexual Harassment and/or Sexual Assault," general "Hazing-Harassment," and "Failure to Comply with the Lawful Directive of a University Official," among other

*McCauley v Univ. of the V.I., et al.*
Civil No. 2005-188
Order
Page 3

offenses, are listed as major infractions under the Code. (Univ. of the V.I. Student Handbook 36-38, 2005-06.)  Additionally, the Handbook outlines certain procedures to be followed when a student is charged with a violation of the Code.

McCauley's complaint attacks the constitutionality of the Code of Conduct and Handbook grievance procedures.  Counts One and Two alleges that the Defendants violated 42 U.S.C. § 1983 ("Section 1983") by enacting regulations in the Handbook and Code of Conduct which are vague and overbroad, infringing on McCauley's constitutional rights to free speech and due process.  Count Three claims that by subjecting McCauley to disciplinary proceedings for committing certain infractions under the Code, the Defendants infringed upon McCauley's right to freedom of association in violation of Section 1983.  Count Four alleges that the Defendants deprived McCauley of his rights to due process by forcing him to participate in disciplinary proceedings without counsel.  Count Five claims that the Defendants violated Section 1983 by placing unconstitutional conditions on the receipt of the territorial benefit of a University education.

The Defendants moved to dismiss McCauley's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  During a hearing on the matter, the Court verbally denied the motion to dismiss as to Counts One, Two, and Three of the complaint.  The

*McCauley v Univ. of the V.I., et al.*
Civil No. 2005-188
Order
Page 4

Court verbally granted the motion with respect Counts Four and Five of the complaint, and dismissed those counts.

McCauley filed a timely motion for reconsideration of the Court's verbal dismissal of Count Five of his complaint.

## II.  ANALYSIS

### A.  Motion for Reconsideration

Local Rule of Civil Procedure 7.3. states:

> A party may file a motion asking the court to reconsider its order or decision.  Such motion shall be filed within (10) days after the entry of the order or decision unless the time is extended by the court.  Extensions will only be granted for good cause shown.  A motion to reconsider shall be based on:
>
> 1. Intervening change in controlling law;
>
> 2. Availability of new evidence, or;
>
> 3. The need to correct clear error or prevent manifest injustice

LRCi 7.3. (2008).  The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  Such motions are not substitutes for appeals, and are not to be used as "a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Bostic v. AT&T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004).

*McCauley v Univ. of the V.I., et al.*
Civil No. 2005-188
Order
Page 5

Here, McCauley does not argue that there has been an intervening change in controlling law, or that new evidence is available. Rather, McCauley contends that the Court erred in dismissing Count Five because there is authority supporting the validity of his claim for "unconstitutional conditions" under Section 1983.

In support of his motion for reconsideration, McCauley cites to various cases which refer to the doctrine of "unconstitutional conditions."[1] However, this doctrine is not raised as an independent cause of action but as a theory used to prove whether a party has a basis for asserting a constitutional violation against a governmental party, especially a violation of the First

---

[1] The Supreme Court of the United States has described the doctrine of unconstitutional conditions as follows:

> [E]ven though a person has no "right" to a valuable governmental benefit and even though the government may deny him the benefit for any number of reasons, there are some reasons upon which the government may not rely. It may not deny a benefit to a person on a basis that infringes his constitutionally protected interests -- especially, his interest in freedom of speech. For if the government could deny a benefit to a person because of his constitutionally protected speech or associations, his exercise of those freedoms would in effect be penalized and inhibited. This would allow the government to produce a result which [it] could not command directly. Such interference with constitutional rights is impermissible.

*Perry v. Sinderman*, 408 U.S. 593, 597, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972) (internal quotation omitted).

...

*McCauley v Univ. of the V.I., et al.*
Civil No. 2005-188
Order
Page 6

Amendment right to free speech.[2]  McCauley has not offered, nor is the Court aware of, any authority to indicate that a claim against a public university or its personnel for imposing "unconstitutional conditions" upon receipt of a public benefit is legally cognizable as an independent cause of action.  Count Five merely recites allegations contained in other counts of the complaint.

Accordingly, it is hereby

**ORDERED** that McCauley's motion for reconsideration is **DENIED**.

```
                        S_____
                            Curtis V. Gomez
                            Chief Judge
```

---

[2]  "Court's have applied this doctrine with special vigor especially in the First Amendment context in order to protect one's right to speak freely from undue governmental interference."  *Stephen v. County of Albemarle*, 2005 WL 3533428 at *5 (W.D. Va. December 22, 2005) (citing *Cantwell v. Connecticut*, 310 U.S. 396, 60 S.Ct. 900, 84 L.Ed. 1213 (1940); *Tinker v. Des Moines Indep. Comm. Sch. Dist.*, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969); *Pickering v. Board of Education*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968)).  In determining whether a given condition results in a violation of a constitutional right, courts balance the right surrendered against the government interest in efficiently providing benefits and services.  *Id*. (citing *Bd. of County Comm'rs v. Umbehr*, 518 U.S. 668, 676, 116 S.Ct. 2342, 135 L.Ed.2d 843 (1996)).