NOT FOR PUBLICATION

```
            IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS & ST. JOHN

STEPHEN McCAULEY,              )
                               )
          Plaintiff,           )
                               )
     v.                        )
                               )    Civil No. 2005-188
UNIVERSITY OF THE VIRGIN       )
ISLANDS, SEAN GEORGES in his   )
individual and official        )
capacities, DR. LAVERNE        )
RAGSTER, in her individual and )
official capacities, and JON   )
and/or JANE DOES I through X,  )
                               )
          Defendants.          )
_____)
```

**ATTORNEYS:**

**Darren J. Baptiste, Esq.**
St. Thomas, U.S.V.I.
   *For the plaintiff,*

**Samuel H. Hall, Esq.**
St. Thomas, U.S.V.I.
   *For the defendants.*

                              ORDER
**GÓMEZ, C.J.**

     Before the Court is the motion of Stephen McCauley ("McCauley") for reconsideration of this Court's April 24, 2009, Order denying his petition for a temporary restraining order enjoining the University of the Virgin Islands, Sean Georges, in his individual and official capacities, Dr. Laverne Ragster, in her individual and official capacities, and Jon and/or Jane Does

*McCauley v Univ. of the V.I., et al.*
Civil No. 2005-188
Order
Page 2

I through X (collectively, the "Defendants") from conducting any proceedings based on the University's Code of Student Conduct, or from reconvening any proceedings based thereon, during the pendency of the above captioned matter.

Local Rule of Civil Procedure 7.3 ("Local Rule 7.3") provides:

> A party may file a motion asking the court to reconsider its order or decision. . . . A motion to reconsider shall be based on:
>
> 1. Intervening change in controlling law;
>
> 2. Availability of new evidence, or;
>
> 3. The need to correct clear error or prevent manifest injustice

LRCi 7.3 (2008). The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Such motions are not substitutes for appeals, and are not to be used as "a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Bostic v. AT&T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004).

Here, McCauley argues that reconsideration is appropriate in order to correct clear error or prevent manifest injustice. However, McCauley has failed to point to any error in the April

*McCauley v Univ. of the V.I., et al.*
Civil No. 2005-188
Order
Page 3

24, 2009, Order.  McCauley has also failed to set forth any facts that would support the inference of manifest injustice.  Rather, McCauley merely restates the arguments set forth in his initial petition for a temporary restraining order.  Mere disagreement with the Court's conclusions, however, is not a valid basis for a motion for reconsideration.

  Accordingly, it is hereby

  **ORDERED** that the motion for reconsideration is **DENIED.**

```
                              S_____
                                  CURTIS V. GÓMEZ
                                    Chief Judge
```