**FOR PUBLICATION**

**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN**

| | |
|---|---|
| **STEPHEN McCAULEY,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**UNIVERSITY OF THE VIRGIN** )<br>**ISLANDS, SEAN GEORGES in his** )<br>**individual and official** )<br>**capacities, DR. LAVERNE** )<br>**RAGSTER, in her individual and** )<br>**official capacities, and JON** )<br>**and/or JANE DOES I through X,** )<br>)<br>**Defendants.** )<br>_____ ) | **Civil No. 2005-188** |

**ATTORNEYS:**

**Darren J. Baptiste, Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiff,*

**Samuel H. Hall, Esq.**
St. Thomas, U.S.V.I.
    *For the defendants.*

## <u>MEMORANDUM OPINION</u>

**GÓMEZ, C.J.**

Before the Court is the motion of Stephen McCauley ("McCauley") to amend his complaint filed in the above-captioned matter. For the reasons given below, the Court will grant the motion.

## I. FACTUAL AND PROCEDURAL HISTORY

McCauley is a student at the University of the Virgin Islands ("UVI," or the "University"). On November 10, 2005, McCauley commenced the above-captioned action for damages and injunctive relief against Sean Georges ("Georges"), Director of Student Housing at UVI, Dr. Laverne E. Ragster ("Ragster"), President of UVI, and Jon and/or Jane Does I through X, certain unnamed University students, employees, and officials involved with implementing disciplinary procedures against UVI students (collectively, the "Defendants").

The UVI Student Handbook (the "Handbook") includes a Code of Student Conduct (the "Code") that lists prohibited behavior and sanctions for particular violations. The Code lists "Sexual Harassment and/or Sexual Assault," as a major infraction, which "includes any deliberate, unsolicited, and un-welcomed sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature or with sexual implications." (Second Am. Compl. 3, ¶ 11, Nov. 18, 2008.) Another major infraction is "Hazing-Harassment," which is defined as:

> Committing, conspiring to commit, or causing to be committed any act which causes or is likely to cause serious physical or mental harm or which tends to injure or actually injures, frightens, demeans, degrades or disgraces any person. This includes but is not limited to violation of the University policies on hazing, sexual harassment, or sexual assault.

(*Id.* at 3, ¶ 12.) The Code prohibits "Misbehavior at Sports Events, Concerts, and Social-Cultural Events," which is defined as "[d]isplaying in the field house any, softball field, soccer field, cafeteria and Reichhold Center for the Arts any unauthorized or obscene, offensive or obstructive sign." (*Id.* at 3, ¶ 13.) It also prohibits "[d]iscrimination on the basis of race, gender, color, religion, national origin, political affiliation, disability or age." (*Id.* at 3, ¶ 14.) Additionally, the Code bans "Conduct which Causes Emotional Distress," which "includes conduct which results in physical manifestations, significant restraints, on normal behavior or conduct and/or which the victim to seek assistance in dealing with distress." (*Id.* at 4, ¶ 20.) Conduct in violation of any of the above provisions is subject to disciplinary action, and the Handbook outlines certain procedures to be followed when a student is charged with a violation of the Code.

McCauley's Second Amended Complaint (the "Complaint") attacks the constitutionality of certain provisions of the Code. Count One alleges that the Defendants violated 42 U.S.C. § 1983 ("Section 1983") by enacting regulations that are unconstitutionally vague and overbroad, and therefore impermissibly infringe on McCauley's rights to free expression and due process of law. Count Two alleges that the Defendants

violated Section 1983 by enacting regulations that are unconstitutionally vague and overbroad, and therefore impermissibly infringe on McCauley's rights to freedom of association and due process of law. The Complaint alleges that the Code provisions are unconstitutional on their face. It does not contain any factual allegations describing how McCauley was personally adversely affected by the challenged provisions, other than by virtue of his status as a UVI student.

A bench trial in this matter was conducted on May 11, 2009. McCauley testified on his own behalf at the trial, describing the ways in which he was adversely affected by the challenged provisions of the Code. McCauley stated that in November, 2005, the University brought charges against him based on violations of certain provisions of the Code, including the Hazing-Harassment provision. McCauley testified that the charges were brought in the aftermath of an incident in on September 30, 2005, when he witnessed an alleged rape of a fellow UVI student. He stated that the University had charged him with harassing the alleged rape victim the day after the incident in her dormitory room. He was also being charged with posting a picture of the victim with "a nasty caption" on the social networking website, myspace.com, and for allegedly harassing the victim at a bar located off campus. Copies of a written Notice of Charges against McCauley,

dated November 7, 2005, as well as an amended Notice of Charges, dated March 31, 2009, were admitted into evidence at the trial. McCauley testified that the University disciplinary proceedings were conducted on April 28, 2009, and that he was ultimately found guilty of the charges against him. A copy of the University's findings resulting from the disciplinary proceedings and sanctions imposed against McCauley was also admitted into evidence.

During the trial, McCauley argued that, by bringing charges against him based on the above-mentioned conduct, the University violated his First Amendment rights. After the close of the evidence, McCauley verbally moved to amend his Complaint to conform to the evidence. Specifically, he wished to include an as-applied challenge to the Code provisions in question. The Defendants objected to such amendment. The Court took the matter under advisement and ordered briefing on the issue.

## II. **ANALYSIS**

McCauley argues that he should be allowed to amend his Complaint to conform to the evidence presented at trial. He proposes to assert a new claim that, as applied to him by the University, certain provisions of the Code unconstitutionally infringed on his First Amendment rights. An as-applied constitutional challenge is "[a] claim that a law or governmental

policy, though constitutional on its face, is unconstitutional as applied . . . ; a claim that a statute is unconstitutional on the facts of a particular case or in its application to a particular party." Black's Law Dictionary (8th ed. 2004). Here, McCauley seeks to add factual allegations describing the University's charges against him set forth in the November 7, 2005, Notice of Charges. His as-applied challenge is embodied in a proposed third cause of action, which asserts, *inter alia,* that

> Plaintiff, by being subjected to actual or potential disciplinary proceedings for, inter alia, "[c]ommitting, conspiring to commit, or causing to be committed any act which causes or is likely to cause serious physical or mental harm or which tends to injure or actually injures, frightens, demeans, degrades or disgraces any person" has been unlawfully forced to limit and/or refrain from engaging in constitutionally protected speech both on and off campus out of fear that anything he may do or say may be actionable under the Code of Conduct.
>
> . . .
>
> Defendants, acting under color of territorial and/or federal law, have enacted regulations that deprived Plaintiff of his guaranteed and clearly established rights to freedom of expression, speech, and association under the First Amendment.

(Proposed Third Am. Compl. 12-13, ¶¶ 55, 57, May 21, 2009.)

Federal Rule of Civil Procedure 15(b) ("Rule 15(b)") provides:

> (b) Amendments During and After Trial.

> (1) Based on an Objection at Trial. If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. The court may grant a continuance to enable the objecting party to meet the evidence.
>
> (2) For Issues Tried by Consent. When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move--at any time, even after judgment--to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

Fed. R. Civ. P. 15(b).

Here, while the Defendants objected to McCauley's requests to amend the Complaint to conform to the evidence, they did not object to the admission of evidence relating to McCauley's as-applied challenge. Thus, Rule 15(b)(1) is inapplicable. There is no evidence in the record that the Defendants expressly consented to the trial of McCauley's as-applied challenge. McCauley nevertheless argues that the issue of his as-applied challenge was tried by implied consent, and that he is entitled to amend his Complaint under Rule 15(b)(2).

To determine whether an issue was tried by implied consent for purposes of Rule 15(b)(2), courts look to: (1) "whether the

parties recognized that the unpleaded issue entered the case at trial," (2) "whether the evidence that supports the unpleaded issue was introduced at trial without objection, and" (3) "whether a finding of trial by consent prejudiced the opposing party's opportunity to respond." *Foraker v. Chaffinch*, 501 F.3d 231, 244-46 (3d Cir. 2007) (quotation omitted); *see also Evans Prods. Co. v. West Am. Ins. Co.*, 736 F.2d 920, 924 (3d Cir. 1984) ("The primary consideration in determining whether leave to amend under Fed. R. Civ. P. 15(b) should be granted is prejudice to the opposing party. (citation omitted)).

Regarding the first element, during the trial in this case the Court repeatedly noted that McCauley's Complaint asserted a facial challenge to the UVI Code provisions, yet the evidence and arguments at trial were more akin to an as-applied challenge. The Court asked McCauley's attorney:

> THE COURT: . . . . [I]s your challenge a facial challenge?
>
> [PLAINTIFF'S ATTORNEY]: Yes, Your Honor. It's facial challenge, as well as an as-applied challenge, Your Honor; both.

(Trial Tr. 19, May 11, 2009.) Additionally, the Defendants' attorney recognized the entry of evidence regarding McCauley's unpleaded as-applied challenge when she moved for judgment after McCauley had rested:

> [DEFENSE ATTORNEY]: We believe, also, Your Honor, that this Court should find as a matter of partial findings, a judgment on partial findings with respect to Mr. McCauley's as-applied challenge in, you know, should he, in fact, have properly preserved such a claim in his complaint.

(*Id.* at 138-39.) Furthermore, McCauley verbally moved for leave to amend his Complaint to conform to the evidence during the trial. Accordingly, it is clear that the parties recognized that the unpleaded issue entered the case at trial. *See, e.g., Bernback v. Greco*, 69 Fed. Appx. 98, 102 (3d Cir. July 11, 2003) (finding that the parties recognized that an unpleaded issue entered the case at trial because the plaintiff moved to amend the complaint to conform to the evidence during the trial) (unpublished).

The second element is likewise satisfied. As mentioned above, the evidence relating to the charges brought against McCauley by the University in 2005 was admitted into evidence without objection by the Defendants.

Regarding the third element, "[t]he principal test for prejudice [under Rule 15(b)] is whether the opposing party was denied a fair opportunity to defend and to offer additional evidence on that different theory." *Evans Prods. Co.*, 736 F.2d at 924. Here, after McCauley testified as to the University's charges against him, and the nature of the conduct triggering such charges, the Defendants undertook an extensive cross-

examination of McCauley on those issues. Additionally, the Defendants' own witnesses -- Sean Georges and Doris Battiste -- testified about the harassment charges brought against McCauley. Furthermore, the evidence regarding the University's charges against McCauley was not relevant to McCauley's facial challenges to the language of the Code provisions. *Cf. Douglas v. Owens*, 50 F.3d 1226, 1235 (3d Cir. 1995) (explaining that "an issue has not been tried by implied consent if evidence relevant to the new claim is also relevant to the claim originally pled, because the defendant does not have any notice that the implied claim was being tried"). Under these circumstances the Defendants were not prejudiced by the entry of the evidence regarding the University's charges against McCauley. Accordingly, the Court finds that the issue of McCauley's as-applied challenge was tried by implied consent, and that it is appropriate to allow McCauley to amend his Complaint to conform to the evidence.[1] *See, e.g.,*

---

[1] The Defendants urge that McCauley's proposed amendment to his Complaint should be denied as futile. They assert that McCauley's as-applied Section 1983 claim should be time-barred. In the Defendants' view, such claim accrued in November, 2005, with the commencement of the University's charges against McCauley, and is subject to a two-year statute of limitations. Thus, the Defendants contend that the statute of limitations for McCauley's as-applied challenge ran in November, 2007. However, even assuming, *arguendo*, that the Defendants are correct in asserting that the statute of limitations for McCauley's as-applied challenge ran in November, 2007, the plain language of Rule 15(b) requires that issues tried by implied consent "must be treated *in all respects* as if raised in the pleadings." Fed. R.

*Bernback,* 69 Fed. Appx. at 102 (affirming the district court's grant of leave to amend the complaint to conform to the evidence at trial because the unpleaded issue was tried by implied consent).

### III. <u>CONCLUSION</u>

For the foregoing reasons, the Court will grant McCauley's motion for leave to amend his Complaint. An appropriate Order follows.

          S\_____
           **CURTIS V. GÓMEZ**
            Chief Judge

---

Civ. P. 15(b)(2) (emphasis supplied). Thus, McCauley's as-applied challenge is deemed filed on the date of the original complaint in November, 2005. *See id.; see also Am. Annuity Group v. Guaranty Reassurance Corp. Liquidating Trust,* 55 Fed. Appx. 255, 256 (6th Cir. 2003) ("Amendments made pursuant to Rule 15(b) relate back to the date of the original complaint.") (unpublished); *Michelsen v. Brush*, 224 F. Supp. 951, 953 (E.D.N.Y. 1963) ("The pleadings may be amended to conform to the evidence and when so amended, will relate back to the date of the original pleading . . . .").

  The Defendants also argue that McCauley's as-applied challenge would be futile because McCauley conceded at trial that he did not suffer any detriment as a result of the charges asserted against him by the University in 2005. The Court disagrees. It is true that the evidence adduced at trial showed that UVI postponed conducting a disciplinary hearing against McCauley until April, 2009. The evidence also showed that the April, 2009, hearing was conducted based on amended charges, which were somewhat different than the charges asserted in the November, 2005, notice. Significantly, however, the injury claimed by McCauley in his as-applied challenge is not that he actually endured adverse disciplinary action on the University's charges against him. Rather, the nature of McCauley's alleged injury is that his speech has been chilled as a result of the charges being lodged against him in the first instance.